```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
CARLOS A. BAYON,

                        Plaintiff,            06-CV-6668T

            v.                                 DECISION
                                               and ORDER
JO ANNE B. BARNHART, Commissioner
of Social Security

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff Carlos A. Bayon ("Bayon") brings this action pursuant to Titles II and XVI of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq. and 42 U.S.C. § 1381 et. seq.) claiming that the Commissioner of Social Security improperly denied his application for disability benefits.[1] Specifically, Bayon alleges that the decision of an Administrative Law Judge ("ALJ") denying his application for benefits was erroneous because it was not supported by substantial evidence in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Bayon opposes the defendant's motion, and cross-moves for judgment on the pleadings. Because the Court determines that the

---

[1] This case (formerly civil case 03-CV-0488) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 27, 2006.

findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted in favor of the defendant.

## BACKGROUND

On May 26, 2000, plaintiff Carlos Bayon, at the time a 44 year old former convenience store clerk and garage door installer, applied for Social Security disability benefits and Supplemental Security Income payments, claiming that he had become unable to work as of March 23, 1991 because of back pain. Bayon's application was denied initially and on reconsideration. Thereafter, Bayon requested an administrative hearing before an Administrative Law Judge which took place on September 23, 2002. Although Bayon had conducted most of his application pro se, he was represented by counsel at the hearing.

In a decision dated November 20, 2002, the ALJ found that although Bayon's back problems were severe, he was not disabled within the meaning of the Act and thus not entitled to receive Social Security benefits. Bayon's appeal of the ALJ's decision to the Social Security Appeals Board was denied on April 26, 2003, and on June 25, 2003 plaintiff filed this action.

## DISCUSSION

I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits.

Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) this limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is

convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the Court determined that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

II. The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence in the record.

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act. A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d) (1991). Specifically, the ALJ found that while plaintiff suffered from severe degenerative disc disease of the lumbar spine, an L5-S1 disc herniation, and a small medial meniscal tear of the right knee, this condition did not constitute an impairment under 20 C.F.R. 404.1501 et. seq. (Transcript of Administrative Proceedings at page 14) (hereinafter "T.").

The plaintiff contends that had the ALJ correctly considered the evidence in the record, he would have found that plaintiff was disabled. Plaintiff argues that the results of the MRIs, revealing

degenerative disc disease, L5-S1 disc herniation, and disc bulging, support a finding of disability. In concluding that plaintiff is not disabled, the ALJ did not dispute that the diagnostic evidence on the record reveals positive findings. However, the issue before the Court is not whether plaintiff had impairments, but whether his impairments constitute the cause of his inability to engage in any substantial gainful activity. As the ALJ correctly concluded, substantial evidence, including the medical opinions of reviewing physicians Dr. Verna Yu and Dr. Janis Dale (T. 168-75) and chiropractors Susan Earsing and Enrique Rodriguez (T. 120-28), all of whom opined that plaintiff could perform the demands of at least sedentary work, supported the ALJ's determination that plaintiff could perform sedentary work despite his impairments. The ALJ also properly evaluated the evidence from examining physician Dr. David Kowalski, stating that "[i]t is difficult to fully assess how he can maintain such a high level of musculature with his overall severe limitations of functioning that he exhibited during this examination today" (T. 152) and also noted that while plaintiff was allegedly disabled, he was able to attend college full time, earn a bachelor's degree and enough credits for a master's degree (T. 69, 101, 281). Therefore, the ALJ's conclusion that plaintiff was not disabled was well supported by substantial evidence in the record.

Plaintiff also contends that the ALJ failed to show that sedentary work is possible for the plaintiff. The ALJ, however, correctly based his determination on the Medical-Vocational Guidelines Rule 201.21 as well as the residual functional capacity reports from Dr. Yu and Dr. Dale. No doctor ever stated that plaintiff would not be able to perform sedentary work. Therefore, the ALJ's determination was correct.

Plaintiff further contends that more recent MRIs, duly submitted September 28, 2004, provide a basis for the finding that plaintiff is disabled. An MRI of the lumbar spine from July 24, 2004 reveals the previously noted disc herniation at L5-S1 as well as a very small midline disc herniation at L1-2. An MRI of the right shoulder from August 14, 2004 reveals a subtle abnormal increased signal noted in the mid portion of the rotator cuff tendon, felt to be on the basis of a partial tear and/or some element of tendinopathy, minimal impingement with slight hypertrophy of the right acromioclavicular joint, and a tiny joint effusion. This additional evidence, however, does not provide a basis for reversal of the ALJ's decision or remand. The additional evidence of a "very small" midline disc herniation at L1-2 and "subtle," "minimal," "slight," and "tiny" abnormalities of the right shoulder would not change the outcome of this case, given the lack of evidence that plaintiff ever followed up with these new

diagnoses. Therefore, the additional medical evidence provided by plaintiff does not support a finding of disability.

Lastly, plaintiff's request for a jury trial is denied. Pursuant to 42 U.S.C. § 405(g), the Court does not have jurisdiction to hear this matter <u>de novo</u>, nor does plaintiff have a right to a jury trial in this case.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 10, 2007